```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| GAMMA ENTERPRISES, INC., et al., | CIVIL ACTION NO. 07-2664 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, |  |
| Defendant. |  |

**THE COURT** ordering the plaintiffs to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 3, Order to Show Cause ("OTSC")); and the Court examining jurisdiction <u>sua sponte</u> in this action brought on June 7, 2007, by the plaintiffs, Gamma Enterprises, Inc. ("GEI") and Matawan Realty, Inc. ("MWR"), against the defendant, Certain Underwriters at Lloyd's, London ("ULL") to recover damages for breach of contract (Compl.), <u>see</u> Fed.R.Civ.P. 12(h)(3) (stating court shall dismiss complaint if jurisdiction appears lacking); and the plaintiffs (1) asserting jurisdiction under Section 1332 (Compl., at 1), and (2) bearing the burden of demonstrating jurisdiction, <u>see</u> <u>McCracken v. Murphy</u>, 129 Fed.Appx. 701, 702 (3d Cir. 2005); and

**THE PLAINTIFFS** alleging that they are New Jersey corporations with their principal places of business in New Jersey (Compl., at 1); but the Court being concerned that MWR may be a limited

liability company, and that the plaintiffs failed to properly allege MWR's citizenship; and

**THE PLAINTIFFS** alleging that ULL "is a foreign insurer principally located in London, England" (Compl., at 1); but it appearing that the citizenship of the policy underwriter or underwriters — not ULL itself — is the relevant citizenship for a jurisdictional determination, Chem. Leaman Tank Lines v. Aetna Cas. & Sur. Co., 177 F.3d 210, 221-22 (3d Cir. 1999), see Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 862-63 (5th Cir. 2003) (summarizing Chem. Leaman analysis); and

**THE COURT** being unable to determine if the plaintiffs are deemed "citizens of different States" in relation to ULL, 28 U.S.C. § 1332(a)(1); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal," Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and the Court notifying the plaintiffs of the intention to dismiss the complaint for lack of jurisdiction unless they, inter alia, (1) identified the nature of MWR's ownership as of June 7, 2007, (2) properly alleged ULL's citizenship as of June 7, 2007, and (3) demonstrated jurisdiction under Section 1332 (OTSC, at 3); and the Court advising the plaintiffs, inter alia, that a request for time to discern jurisdiction would result in

the dismissal of the complaint, as they should have ascertained jurisdiction before choosing to bring an action in federal court (id. at 4 & 6); and

**THE PLAINTIFFS** being advised that a dismissal would be without prejudice to recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of the federal complaint (id. at 4-5), see Jaworowski v. Ciasulli, No. 05-1423, 2007 WL 1732218, at *2-*4 (3d Cir. June 18, 2007), Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and

**THE PLAINTIFFS**, in response, demonstrating for the purposes of the Court's order to show cause that MWR is a New Jersey corporation with its principal place of business in New Jersey (dkt. entry no. 7, Pls. Resp., at 1-2); but the plaintiffs stating that they are unable to properly allege ULL's citizenship, and thus admitting that they instituted this action in federal court, rather than in state court, without knowing whether jurisdiction existed (id. at 2-3); and thus the Court intending to grant the order to show cause and dismiss the complaint; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                       s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                       United States District Judge